UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**UNITED STATES OF AMERICA**            **CASE NO. 5:18-CR-00089-01**

**VERSUS**                               **JUDGE ROBERT G. JAMES**

**JAMES BOWMAN (01)**                    **MAGISTRATE JUDGE HORNSBY**

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act of 2018 ("FSA") filed by Defendant James Bowman [ECF Nos. 9, 14, 16, 18]. The government agrees Bowman is eligible for a reduced sentence under the FSA. [ECF No. 17 at 3-4]. For the reasons set forth below, Defendant's motion is GRANTED AS MODIFIED.

### I.
### BACKGROUND

On July 1, 2002, Bowman pleaded guilty in the Eastern District of Texas to possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). *U.S. v. James Bowman*, Case No. 1:02-CR-63-1 (E.D.Tex.). On February 11, 2003, Bowman was sentenced to 135 months' imprisonment, followed by a five-year term of supervised release. On July 25, 2008, Bowman's sentence was reduced to 120 months, pursuant to retroactive amendments to the United States Sentencing Guidelines. On November 17, 2011, Bowman was released from the Bureau of Prisons ("BOP") and began serving his term of supervised release. [ECF No. 18 at 2].

On September 6, 2016, two months before Bowman's supervised release was scheduled to expire, he was arrested in the Western District of Louisiana and charged with various narcotics offenses. *U.S. v. James Bowman*, Case No. 5:16-CR-228 (W.D.La.). On February 13, 2018, Bowman pleaded guilty to conspiracy to distribute cocaine (Count 1). *Id.* at ECF No. 129. The following day, the Eastern District of Texas transferred jurisdiction over Bowman's supervised release to this District. *United States v. Bowman*, Case No. 18-CR-89 (W.D.La.), ECF No. 1. On June 7, 2018, Bowman was sentenced to 84 months on the conspiracy charge, followed by a five-year term of supervised release. Immediately thereafter, the Court held a revocation hearing and sentenced Bowman to 36 months incarceration, to run consecutively to the 84-month sentence imposed in Case No. 16-CR-228, with no additional supervision to follows. *Id.* at 8. Bowman now seeks a reduced sentence pursuant to the First Step Act of 2018.

## II.
### APPLICABLE LAW

On August 3, 2010, after more than two decades of substantial criticism from the United States Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the 50-gram threshold for cocaine base convictions to 280 grams. *See* 124 Stat. at 2372. Section 2 similarly amended § 841(b)(1)(B)(iii) by increasing the 5-gram cocaine base threshold to 28 grams. *Id.* The Fair

Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Dorsey* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). Section 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

### III.
#### ANALYSIS

**A.    Whether Defendant is eligible for relief under the First Step Act**

Because jurisdiction over Bowman's supervised release was transferred to this District [ECF No. 1], the Court finds it has jurisdiction to decide this motion. *See e.g. United States v. El Herman*, 19-2920, 2020 WL 4873246, at *3 (8th Cir. Aug. 20, 2020)

(where jurisdiction over supervised release of defendant was transferred, "transferee court . . . was the district court with jurisdiction to consider [defendant's] motion to reduce sentence under the First Step Act"); *U.S. v. Jamaal Bonnett*, Case No. 3:07-cr-30026 (W.D.La. June 12, 2020), ECF No. 61 at 2-4. The Court additionally finds Bowman committed a covered offense for purposes of the First Step Act. In *United States v. Jackson*, the Fifth Circuit held "whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *U.S. v. Jackson,* 945 F.3d 315, 320 (5th Cir. 2019); *see also United States v. James Roy White*, 2020 WL 2843480, at *2 (5th Cir. June 1, 2020). Here, Bowman's original conviction was due to the violation of a statute for which the penalties were modified by Section 2 of the Fair Sentencing Act, his violation occurred before August 3, 2010, he has not filed a previous motion seeking First Step Act relief, and his sentence was neither "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Bowman thus committed a "covered offense" within the meaning of the First Step Act.

Further, the fact that Bowman has served his original term of incarceration and is now subject to a custodial sentence due to the revocation of supervised release does not foreclose relief under the First Step Act. In *Venable v. United States*, 943 F.3d 187 (4th Cir. 2019), the Fourth Circuit addressed, as a matter of first impression, whether the First Step Act authorized a reduction in a defendant's sentence where "he had completed his original term of imprisonment and was currently in custody following revocation of

supervised release." *Id.* at 188, 193. The Fourth Circuit's analysis in *Venable* was guided by the "unitary sentence framework," which recognizes "custodial and supervised release terms as components of one unified sentence." *Id*. at 193-94 (citing *Johnson v. United States*, 529 U.S. 694 (2000); *U.S. v. Haymond*, 139 S.Ct. 2369, 2379-80 (2019)). Applying that framework, the court concluded that "Venable's revocation sentence is a component of his underlying original sentence for the drug conviction." *Id*. at 194. "[G]iven that Venable's revocation sentence is part of the penalty for his initial offense," the Fourth Circuit held that Venable was "still serving his sentence for a 'covered offense' for purposes of the First Step Act." *Id*. Accordingly, the court concluded a district court has authority to consider a First Step Act motion for sentence reduction, even where a defendant has completed serving his original term of incarceration and is now serving time for a supervised release violation. *Id*.; *accord United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020). In this matter, Bowman's underlying conviction is a "covered offense" under the First Step Act, and he is serving a revocation sentence that is part of the penalty for the initial drug conviction. Accordingly, the Court finds Bowman is, as a threshold matter, eligible for relief under the First Step Act.

**B.    Whether Relief is Warranted**

In determining whether relief is warranted, the Court has considered the statutory sentencing range, the applicable sentencing guideline range, the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson* at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)); *United States v. Allen*, 19-3606, 956 F.3d 355,

357 (6th Cir. 2020). Bowman's statutory sentencing range in Case No. 1:02-CR-63-1 was originally ten years to life. [PSR at 12, ¶ 58]. Under the Fair Sentencing Act, it would have been five to forty years. The PSR found Bowman's sentencing guideline range to be 168 to 210 months, however, due to the parties' plea agreement, the guideline range became 135 to 168 months. *Id.* at ¶¶ 59, 63. Under the current version of the sentencing guidelines, and in light of the parties' plea agreement, Bowman's guideline range today would be 57 to 71 months. Further, had Bowman originally been sentenced under the Fair Sentencing Act, his 2002 offense would have constituted a Class B felony rather than Class A. *See* 18 U.S.C. § 3559. Had Bowman's underlying offense been deemed a Class B felony at his revocation hearing, he would not have been subject to the heightened sentencing guideline range under U.S.S.G. § 7B1.4, as that provision applies only to Class A felonies. Thus, Bowman's guideline range at his revocation hearing would have been 18 to 24 months, rather than 30 to 37 months.[1] [*See* ECF No. 7 at 1].

Bowman's underlying federal offenses are non-violent narcotics offenses. While a gun was found in the console of Bowman's vehicle when he was arrested in 2002, there is no indication in the underlying record that Bowman is prone to violence. As to the history and characteristics of this defendant, other than his federal offenses, Bowman was convicted at age 23 of burglary of a habitation, and at age 24 of possession of marijuana.

---

[1] Additionally, the lowering of Bowman's statute of conviction from Class A to Class B would likewise lower the maximum term of imprisonment upon revocation from five to three years. *See* 18 U.S.C. § 3583(e)(3). However, because the Court sentenced Bowman to three years of imprisonment upon revocation, his revocation sentence does not exceed the statutorily authorized maximum sentence.

Bowman is now 44 years old. His projected release date is March 15, 2025.[2] While in the custody of the Bureau of Prisons ("BOP"), Bowman has completed numerous educational courses and has no disciplinary infractions during his most recent incarceration. The Reentry Affairs Coordinator at his facility has submitted a letter of recommendation to the Court on Bowman's behalf, attesting to Bowman's "high level of integrity" and "well developed sense of responsibility for any tasks assigned." [ECF No. 19]. Bowman has three daughters and a supportive family.

The government urges the Court to "consider the breach of the Court's trust that Bowman's violation represents" in determining whether any reduction is appropriate. [ECF No. 17 at 5]. It argues that a reduction that completely nullifies Bowman's sentence on revocation would minimize that breach of trust and "would risk failing to create a deterrent effect." *Id.* at 6. Counsel for Bowman argues the Court should consider a reduced sentence because: (1) had Bowman been sentenced under the Fair Sentencing Act, he likely would have received only four years of supervision (rather than five) and therefore would not have been on supervision at the time of the latest offense conduct (and thus, there would have been no supervision to revoke); (2) Bowman likely would have served less time on his original conviction had he been sentenced under the Fair Sentencing Act; (3) Bowman's guideline range for his new offense in Case No. 5:16-CR-228 would have been lower because he would not have received two additional criminal history points for being under a criminal justice sentence (supervised release) when that offense occurred, which

---

[2] *See* https://www.bop.gov/inmateloc/ (last visited Sep. 8, 2020).

increased his criminal history category from a category IV to a category V[3]; and (4) Bowman has a strong family system to support him upon release. [ECF No. 18 at 5-7].

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, Bowman's breach of trust in violating the terms of supervision, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's revocation sentence is warranted here. The Court will reduce Bowman's revocation sentence to 18 months' imprisonment. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [ECF Nos. 9, 14, 16, 18] is GRANTED, and the Court will issue an amended judgment reducing Defendant's revocation sentence to 18 months, to be served consecutively to his sentence in Case No. 5:16-CR-228-2.

Except as modified in this paragraph, all other provisions of the Judgment imposed on June 7, 2018 [ECF No. 8] REMAIN in effect.

SIGNED this 11th day of September, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3] Had Bowman been a criminal history category IV, his guideline range in Case No. 5:16-CR-228 would have been 70 to 87 months, rather than 84 to 105 months.