UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-0089 |
| VERSUS | JUDGE DONALD E. WALTER |
| JAMES BOWMAN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion for compassionate release filed pro se by the defendant, James Bowman ("Bowman"). See Record Document 24. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Bowman. The Government opposes Bowman's motion. See Record Document 28. Bowman then filed two supplemental responses in support of his motion. See Record Documents 31-32. Based on the following, the motion for release is **DENIED**.

In February of 2003, Bowman was sentenced to 135 months of imprisonment and a five-year term of supervised release by the Eastern District of Texas following his plea of guilty to possession with intent to distribute fifty grams or more of cocaine base. In 2008, Bowman's sentence was reduced to 120 months of imprisonment, pursuant to retroactive amendments to the United States Sentencing Guidelines. Bowman was released in November of 2011 and began serving his term of supervised release. On September 6, 2016, two months before Bowman's supervised release was scheduled to expire, he was arrested in the Western District of Louisiana and charged with various narcotics offenses. See United States v. James Bowman, No. 16-228 (W.D. La.). In February of 2018, Bowman pled guilty to conspiracy to distribute cocaine (Count 1). The following day, the Eastern District of Texas transferred jurisdiction over Bowman's supervised release to this district. See Record Document 1. On June 7, 2018, Bowman was

sentenced to 84 months of imprisonment on the conspiracy charge, followed by a five-year term of supervised release. Immediately thereafter, the Court held a revocation hearing and sentenced Bowman to 36 months of imprisonment, to run consecutively to the 84-month sentence imposed in case 16-228. See Record Document 8. Thereafter, Bowman filed a motion seeking a sentence reduction pursuant to the First Step Act of 2018, which was granted, resulting in an amended judgment reducing Bowman's revocation sentence from 36 months to 18 months, to be served consecutively to his sentence in case 16-228. Bowman is currently housed at the Federal Correctional Institution, Beaumont ("FCI Beaumont Low") and he has a projected release date of December 2023.

On October 6, 2020, Bowman filed a letter motion for modification of sentence seeking compassionate release due to COVID-19. See Record Document 24. Bowman asserted in his letter that he had made formal requests to the Warden by email and letter requesting compassionate release. See id. The Warden responded to a letter from Bowman received on July 29, 2020, requesting compassionate release and denied the request because Bowman had not "mentioned any specific medical condition in [his] request." Record Document 28, Ex. 1. The Warden also responded to another Request for Administrative Remedy submitted by Bowman on September 14, 2020, wherein he denied the request, stating that Bowman's "asserted medical conditions do not currently warrant an early release from [his] sentence." Id., Ex. B. Thus, Bowman has exhausted his administrative remedies through the Bureau of Prisons ("BOP"). See 18 U.S.C. § 3582(c)(1)(A).

The Government concedes that Bowman can demonstrate an "extraordinary and compelling reason" as defined in 18 U.S.C. § 3582(c)(1)(A) due to his body mass index over 30,[1]

---

[1] Although Bowman did not allege any COVID-19 confirmed risk factors recognized by the Centers for Disease Control ("CDC") to cause an **increased** risk of severe illness, the Government reviewed the medical records attached to Bowman's motion, and noted that Bowman has a Body

as this is a condition recognized by the Centers for Disease Control ("CDC") as a confirmed COVID-19 risk factor.[2] See id. Nevertheless, the Government argues that Bowman is still a danger to the community and that the factors set forth under 18 U.S.C. § 3553(a) counsel against his release. See id.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the

---

Mass Index ("BMI") greater than 30, which is a confirmed risk factor ("Adults of any age with the following conditions **are at an increased risk** of severe illness from the virus that causes COVID-19: . . . Severe Obesity (BMI > 40kg/m" https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html). The Government also asserts that Bowman's medical records reveal that Bowman has diabetes, another confirmed risk factor.

[2] According to the Government, Bowman's medical records also revealed that he has high blood pressure, which the CDC lists under the category of "**might be at an increased risk** for severe illness from the virus that causes COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

    (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .

    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

    (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling," as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>     (A) Medical Condition of the Defendant.—
>
>         (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>         (ii) The defendant is—
>
>             (I) suffering from a serious physical or medical condition,
>
>             (II) suffering from a serious functional or cognitive impairment, or
>
>             (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>     (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

>(C) Family Circumstances.—
>
>>(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>>(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). As previously mentioned, the Government concedes that Bowman presents at least one risk factor, namely obesity, identified by the CDC as heightening the risk of severe illness or death. Specifically, the Government states: "[T]he United States agrees that this condition presents 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility'" as provided in Section 1B1.13, comment note 1(A)(ii). Record Document 28 at 7.

In addition, the Court notes that Bowman admits, and his medical records confirm, that he tested positive for COVID-19 and that his case is "coded COVID-19 recovered as of July 27, 2020." See Record Document 24, Ex. B. His medical records state: "The patient is not severely

immunocompromised and did not have a severe illness requiring hospitalization." Record Document 28, Ex. 3. Courts have denied motions for compassionate release filed by inmates who have already contracted the virus. See United States v. Brown, No.14-0183, 2020 WL 5552121 (W.D. La. Sept. 16, 2020); United States v. Dan, No. 15-703, 2020 WL 3453845, at *5 (D. Haw. June 24, 2020) (explaining that defendant already tested positive for COVID-19, was deemed recovered, and did not claim that he was currently suffering from any symptoms); United States v. Mogan, No. 14-040, 2020 WL 2558216, at *4 n. 29 (E.D. La. May 20, 2020) ("[G]iven Petitioner's current COVID-19 diagnosis, granting his request would not enable him to obtain the relief he sought by filing this motion – avoiding contracting COVID-19."); United States v. Stockman, No. 17-116-2, 2020 WL 5269756, at *3 (S.D. Tex. Aug. 26, 2020) (noting that when an inmate is infected and recovers from COVID-19, the courts have found the risks of infection or severe symptoms or effects because of underlying conditions change and diminish); United States v. Neal, No. 11-28, 2020 WL 4334792, at *1 (E.D. La. July 28, 2020) ("Courts have repeatedly found that defendants who contract COVID-19 and recover are not among those who fall within the guidelines or demonstrate 'extraordinary and compelling reasons,' meriting a reduction in their sentence."); United States v. Gallegos, No. 17-568, 2020 WL 3403032, at *3 (S.D. Tex. June 19, 2020) ("Having already contracted and fully recovered from COVID-19, the Court cannot say that Defendant's asthma 'substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility.'").

While Bowman suffers from a medical condition that places him at risk of serious illness from COVID-19, fortunately, he did not become severely ill or develop life-threatening complications when he did, in fact, contract the virus, such that he would no longer be able to provide self-care while incarcerated, although he does complain of unspecified, lingering symptoms. However, the medical records indicate that Bowman was asymptomatic during

6

isolation following his positive test and that he denied symptoms of COVID-19. See Record Document 28, Ex. 3. This Court does not find that the possibility of Bowman becoming reinfected with COVID-19, which remains speculative—rises to the level of an "extraordinary and compelling reason" for release. See United States v. Davis, No. 12-712, 2020 WL 3790562, at *3 (S.D.N.Y. July 7, 2020) ("Although the Court understands [the defendant's] concerns of reinfection, it cannot conclude that this risk is an extraordinary and compelling reason for a significant sentence reduction."); United States v. McCollough, No. 15-0336, 2020 WL 2812841, at *2 ("Arguments that . . . Defendant could suffer reinfection are not persuasive and the Court will not speculate about these possibilities."). In addition, the risk of reinfection would still exist outside of the prison environment.

Even if Bowman had demonstrated an "extraordinary and compelling reason," the existence of such would not have ended the inquiry. The Court must consider whether Bowman remains a danger to the community before granting compassionate release, as required by United States Sentencing Guideline § 1B1.13(2), which refers to 18 U.S.C. § 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets forth the factors that courts must consider in deciding whether to release a defendant pending trial. These factors to be considered include the "nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Similarly, Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the

offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

The Court finds that Bowman has not demonstrated that he will not be a threat to others or the community if released. Bowman was sentenced for conspiracy to distribute cocaine and has a previous conviction for distribution of narcotics. As provided in the factual basis for his guilty plea for conspiracy to distribute cocaine, Bowman acted as a source of supply for cocaine trafficked into Shreveport from Texas. Most importantly, Bowman committed this unlawful distribution while on federal supervised release for committing the same crime years before, thus evidencing a poor record of abiding by his conditions of release. See United States v. Mazur, 457 F. Supp. 3d 559, 564 (E.D. La. 2020) (noting that even if defendant's circumstances "presented extraordinary and compelling reasons to grant compassionate release," his history of attempted manslaughter, possession of controlled substances, and a misdemeanor for domestic abuse battery demonstrates that he is a danger to the community). Considering the above, the Court concludes that Bowman remains a danger to others and his community.[3]

The Court has also looked at the presence of COVID-19 at the FCI Beaumont Low. There are 130 inmates and one staff member who are currently testing positive out of 1,663 total inmates.[4] http://www.bop.gov/coronavirus (last updated 12/14/2020). Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison

---

[3] Additionally, in examining the Section 3553(a) factors, to reduce Bowman's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct.

[4] No inmates or staff have died from the virus. However, there are 949 inmates and 4 staff who have recovered from the virus. www.bop.gov/coronavirus (last updated 12/14/20).

alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). See, e.g., United States v. Clark, 451 F. Supp. 3d 651, 657 (M.D. La. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .") (quoting United States v. Eberhart, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020)); Mazur, 457 F. Supp. 3d at 562 (holding that extraordinary and compelling reasons to grant compassionate release were not present for a prisoner diagnosed with myeloid leukemia and hypertension despite twenty-five percent of the inmate population testing positive for COVID-19). Bowman has not shown that inmates are currently not receiving adequate medical attention if they contract the virus. Additionally, Bowman has not shown that the BOP is unable to adequately manage the COVID situation. This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.[5] Therefore, the Court finds that Bowman has not met his burden in this regard either.

The Court shares Bowman's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court. The BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort

---

[5] In the alternative, Bowman requested release to home confinement. This request is also **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons. See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

9

of inmates who can be considered for home release." The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk. The BOP currently has 8,045 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020 to the present (including inmates who have completed service of their sentence) is 18,728. https://www.bop.gov/coronavirus/(last updated 12/14/2020).

For the foregoing reasons, **IT IS ORDERED** that Bowman's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 14th day of December, 2020.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE